## Western Union Telegraph Company v. Shelton Davis.

### Decided December 6, 1902.

**Telegraph Company—Failure to Deliver Message.**

A telegraph company is liable for failure to deliver a message, although the addressee lived just outside the free delivery limits and no extra compensation was paid, where it undertook to do so with knowledge of the facts, and by the use of reasonable diligence might have found the addressee within such limits.

Appeal from the District Court of Denton County.   Tried below before Hon. D. E. Barrett.

*W. L. Lindsley,* for appellant.

*Mounts & Hopkins,* for appellee.

STEPHENS, Associate Justice.—Appellant neglected to deliver to appellee a telegram sent to him at Lewisville from Sherman, Texas, announcing the death of his daughter and requesting him to come at once.   On account of this negligence appellee was deprived of the consolation of attending the funeral of his daughter, and as compensation for this loss recovered a verdict and judgment for $350, from which this appeal is prosecuted.

The evidence warranted the conclusion, which the verdict imports, that appellant's undoubted negligence was the cause of the loss and suffering complained of.   Contributory negligence was the main defense relied on, but if the evidence raised that issue it clearly warranted the verdict in favor of appellee upon it.   The evidence also warranted the jury in finding that appellant had failed to prove, as alleged, that appellee resided beyond the free delivery limits at Lewisville.

The third special instruction was properly refused, not only because the defense founded on the free delivery limit regulation was covered by the main charge, but also because it ignored that feature of the evi-

dence tending to show that appellant, with knowledge of all the facts as to appellee's residence, undertook to transmit and deliver the message without extra compensation, and tending further to show that appellee might have been found within such limits by the use of reasonable diligence, although his place of residence may have been, as there was evidence tending to show, just beyond them.

The fourth special instruction was properly refused, because the facts as set forth under the fourth assignment of error complaining of the refusal to give it did not call for it, and because it did not correctly state the law in the abstract.

The seventh special instruction was properly refused, because it would have been put a repetition of the fourth paragraph of the court's charge.

The only proposition submitted under the eighth, ninth, and tenth assignments, complaining of .the charge and of the refusal of special charges, is, that the burden of proof is always on the plaintiff to make out a case against the defendant by a preponderance of the evidence, and the only statement under this proposition is, that the court wholly failed to instruct the jury upon whom the burden of proof rests. But we do not so read the record.

It follows from these conclusions that all assignments of error must be overruled and the judgment affirmed.

*Affirmed.*

Writ of error refused.